UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. GARDNER and<br>GAY GARDNER,<br><br>        Plaintiffs,<br><br>v.<br><br>VERMONT MUTUAL INSURANCE<br>COMPANY,<br><br>        Defendant. | Civil Action No. 14-13879-LTS |

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFFS'
MOTION FOR LEAVE TO AMEND

August 4, 2016

SOROKIN, J.

Before the Court are cross motions for summary judgment, Doc. Nos. 34, 50, and the Plaintiffs' motion for leave to file a second amended complaint, Doc. No. 65. The Court DENIES the summary judgment motions and ALLOWS IN PART the motion for leave to amend.

As the Court stated at the hearing it conducted on July 11, 2016, the numerous issues of material fact and disputes regarding the reasonable inferences to be drawn from the undisputed facts preclude summary judgment in favor of either party.

The Plaintiffs seek to amend their complaint to include an allegation that they sent a demand letter pursuant to M.G.L. c. 93A on October 3, 2014, thirteen days before they commenced suit on October 16, 2014. They sent a second demand letter on April. 11, 2016, a fact which they also seek to include in the amended complaint. Doc. 65-1 ¶ 52.

1

The Court will permit the Plaintiffs to amend their complaint only to the extent that they may include an allegation that they sent a demand letter on October 3, 2014. They may not further state that "[m]ore than thirty days have elapsed since each [demand letter] was sent." Id. The relation back principle deems the filing date of the amended complaint to be the date of the first filed complaint, which is October 16, 2014. That date is fewer than thirty days after the date of the first c. 93A demand letter.

This is important because Chapter 93A's demand letter requirement provides that "[a]t least thirty days prior to the filing of any such action, a written demand for relief . . . shall be mailed or delivered to any prospective respondent." M.G.L. c. 93A, § 9(3). A plaintiff must allege and prove that he satisfied the thirty-day requirement. York v. Sullivan, 369 Mass. 157, 163 (1975). The Defendant, Vermont, has proffered the affirmative defense that the Plaintiffs failed to meet the statutory prerequisites of this action. Doc. No. 6. Contrary to the Plaintiffs' suggestion, there is no indication that Vermont has waived this argument. Chery v. Metropolitan Property & Cas. Ins. Co., 2014 Mass. App. Div. 45, at * 2 (2014) (noting that affirmative defense preserved defendant's argument regarding thirty-day requirement such that defendant was not required to raise argument at first summary judgment motion and stating that "while the statutory condition precedent to suit is clear, there is no language in a statute or case suggesting that the absence of prejudice to the other party excuses, let alone waives, the condition precedent"). The Plaintiffs may correct their complaint by amending it to include their original demand letter, but they may not eliminate Vermont's affirmative defense by benefiting from the time that has elapsed since their suit was filed.

The Court further denies the motion to amend with respect to the allegation that a second demand letter was sent on April 11, 2016. The first demand letter clearly states that it is on behalf

of Joseph T. Gardner only.  Doc. No. 63-1 (". . . please consider this letter on behalf of Joseph T. Gardner").  The subsequent demand letter, however, refers to both Joseph T. and Gay Gardner.  Doc. No. 63-3.  At this late stage, it is prejudicial to Vermont for the Plaintiffs to expand their Chapter 93A claim to include Mrs. Gardner as a claimant.

For these reasons, the Plaintiffs' and the Defendant's motions for summary judgment are DENIED.  The Plaintiffs' motion for leave to amend their complaint is ALLOWED only to the extent that they may aver that they sent a Chapter 93A demand letter on October 3, 2014.  The remainder of their motion is DENIED.

SO ORDERED.

　/s/ Leo T. Sorokin　　　
Leo T. Sorokin
United States District Judge